IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
     )
         Plaintiff, )
     )
         v. )
     )
MAGNOLIA NA, LLC d/b/a MAGNOLIA )    CIVIL ACTION NO. `3:14cv210-DMB-JMV`
PLACE PERSONAL CARE HOME, )
     )    C O M P L A I N T
GUARDIAN RESIDENCES, LLC d/b/a )
MAGNOLIA PLACE PERSONAL CARE )    <u>JURY TRIAL DEMAND</u>
HOME, )
     )
MAGNOLIA PLACE OF NEW )
ALBANY, LLC d/b/a MAGNOLIA PLACE )
PERSONAL CARE HOME, )
     )
         Defendants. )
_____ )

<u>NATURE OF THE ACTION</u>

        This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (pregnancy), and to provide appropriate relief to Bridget Seger who was adversely affected by such practices. As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission contends that Defendants, Magnolia NA, LLC, Guardian Residences, LLC, and Magnolia Place of New Albany, LLC, all d/b/a Magnolia Place Personal Care Home, discharged Ms. Seger because of her sex (pregnancy) and replaced her with a non-pregnant employee.

<u>JURISDICTION AND VENUE</u>

        1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Mississippi, Oxford Division.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Magnolia NA, LLC, d/b/a Magnolia Place Personal Care Home, has continuously been a Mississippi company doing business in the State of Mississippi and the City of New Albany, and has continuously had at least 15 employees.

5. At all relevant times Defendant, Guardian Residences, LLC d/b/a Magnolia Place Personal Care Home, has continuously been a Mississippi company doing business in the State of Mississippi and the City of New Albany, and has continuously had at least 15 employees.

6. At all relevant times, Defendant, Magnolia Place of New Albany, LLC d/b/a Magnolia Place Personal Care Home, has continuously been a Mississippi company doing business in the State of Mississippi and the City of New Albany, and has continuously had at least 15 employees.

7. At all relevant times Defendants, Magnolia NA, LLC, Guardian Residences, LLC, and Magnolia Place of New Albany, LLC, have in, active concert, owned, operated, and

managed the assisted living nursing home community in the city of New Albany, Mississippi, doing business as Magnolia Place Personal Care Home.

8. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

9. More than 30 days prior to the institution of this lawsuit, Bridget Seger filed a charge with the Commission alleging violations of Title VII by Defendant Employer.

10. The Commission found reasonable cause to believe the charge was true and endeavored to eliminate the discriminatory practice(s) through informal methods of conference, conciliation, and persuasion, but was unable to secure a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the initiation of this lawsuit have been fulfilled.

12. Since on or about June 12, 2012, Defendant Employer engaged in unlawful employment practices at its New Albany, Mississippi facility, in violation of Section 2000e-2(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a). The unlawful employment practices include unlawfully discharging Bridget Seger because of her sex (pregnancy).

a. Bridget Seger applied for employment with Defendant Employer, at the Magnolia Personal Care Home in New Albany, Mississippi in or around November 2011.

b. In June 2012 Defendant Employer instructed her to appear for work as a kitchen assistant on June 13, 2012 at 6:00 a.m.

c. When Charging Party arrived on the morning of June 13, 2012, Mable Waldrop, Defendant Employer's Head Cook informed Seger of her part-time schedule and

3

wages.  Seger shadowed and assisted Waldrop.

        d.      After working for three hours, Seger became ill.

        e.      Seger was approximately nine to ten weeks pregnant at the time.

        f.      Defendant Employer did not learn of Seger's pregnancy until she appeared at the facility.

        g.      After Seger became ill, Waldrop escorted Seger to Pam Denham's office to ostensibly complete some paperwork.  Denham was Defendant Employer's Administrator.

        h.      When Seger arrived at Denham's office, Denham asked her about her pregnancy.

        i.      Seger told Denham that she was healthy and was not experiencing problems with her pregnancy.  She also offered to bring in a doctor's statement.

        j.      Denham told Seger that a doctor's statement would not be necessary and that she would not hire a pregnant woman.

        k.      Although Seger cried and begged Denham to allow her to work, Denham refused and told Seger she could reapply after she gave birth.

        l.      Denham paid Seger in cash for three hours of work and terminated her employment.

        m.      Defendant Employer did not provide Seger with a separation notice.

        n.      On or about July 9, 2012, less than a month after Defendant Employer discharged Seger, Defendant Employer hired a non-pregnant employee to work as a part-time kitchen assistant.

4

13.     The effect of the practice(s) complained of in paragraph(s) 12 (a)-(n) above has been to deprive Bridget Seger of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex (pregnancy).

14.     The unlawful employment practices complained of in paragraphs 12 (a)-(n) above were intentional.

15.     The unlawful employment practices complained of in paragraphs 12 (a)-(n) above were done with malice or with reckless indifference to the federally protected rights of Bridget Seger.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in acts of sex discrimination.

B.     Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant Employer to make whole Bridget Seger, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay for Bridget Seger.

D.     Order Defendant Employer to make whole Bridget Seger, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12 (a)-(n) above, including, but not limited to expenses for

relocation, job search, medical expenses not covered by employee benefit plans, as well as other out-of pocket expenses, in amounts to be determined at trial.

        E.      Order Defendant Employer to make whole Bridget Seger by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 12 (a)-(n) above, including, but not limited to, emotional distress, pain and suffering, embarrassment, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

        F.      Order Defendant Employer to pay Bridget Seger punitive damages for its malicious and reckless conduct described in paragraphs 12 (a)-(n) above, in amounts to be determined at trial.

        G.      Grant such further relief as the Court deems necessary and proper in the public interest.

        H.      Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


s/ Faye A. Williams (w/ permission MHM)
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730


s/ Matthew H. McCoy
MATTHEW H. MCCOY
Trial Attorney
IN Bar No. 29368-49
matthew.mccoy@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1407 Union Avenue, Suite 901
Memphis, TN  38104
(901) 544-0070